UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CBIZ, INC., *et al.*, | ) | Case No. 1:24-CV-1027 |
| Plaintiffs, | ) ) ) | Judge J. Philip Calabrese |
| v. | ) ) | Magistrate Judge Jonathan D. Greenberg |
| GREGORY J. CRYAN, *et al.*, | ) ) | |
| Defendants. | ) ) ) | |

**OPINION AND ORDER**

At the outset of this litigation Plaintiffs CBIZ, Inc., CBIZ Benefits & Insurance Services, Inc., and CBIZ Insurance Services, Inc. sought a temporary restraining order against Defendants Gregory Cryan, J. Keith Bowman, William Haynes, Matthew McCoun, Phillip Leek, and Steven Fischer, who previously worked for CBIZ and who now work for a competitor, Edgewood Partners Insurance Centers, known as EPIC, to enforce certain restrictive covenants. (ECF No. 2, PageID #: 229.) On June 28, 2024 and July 2, 2024, the Court held a hearing on Plaintiffs' motion for a temporary restraining order and ultimately granted the motion in part and denied the motion in part. (ECF No. 24.) On July 23, 2024, the Court entered an amended temporary restraining order. (ECF No. 39.) By agreement of counsel, that amended order ran through a status conference held on August 7, 2024. (*See* ECF No. 39, PageID #1334.)

At the status conference on August 7, 2024, the Court scheduled a preliminary injunction hearing to begin on November 4, 2024—the first date on which the Court

and counsel agreed that the parties could reasonably complete enough of the voluminous discovery necessary to have a meaningful hearing. Further, counsel agreed that direct discussions between the principals with their lawyers might prove productive, and the parties agreed to extend the amended temporary restraining order through those direct discussions. (*See* ECF No. 49, PageID #1432–33.) Those discussions ended up taking place over a couple days, and the parties agreed to extension of the amended temporary restraining order during the discussions.

On September 6, 2024, the parties conducted a second settlement conference and reached impasse. (Minutes, Sept. 6, 2024.) Defendants declined to consent to the extension of the amended temporary restraining order, and Plaintiffs sought to extend the order or convert it to a preliminary injunction (*see* ECF No. 45). Counsel stated their respective views on the record. For the reasons stated on the record, the Court extended the amended temporary restraining order through 11:59 pm on September 20, 2024. (*See also* Minutes, Sept. 6, 2024.) In doing so, the Court stated its view that the amended temporary restraining order, which the Court anticipates will remain in force and effect through a ruling following the preliminary injunction hearing subject to reexamination every fourteen days, is appropriate for interlocutory review pursuant to 28 U.S.C. § 1292(b).

Under Section 1292(b), a district court may certify an order for interlocutory appeal. *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 36 (1995). Certification under the statute is granted sparingly and only in exceptional cases. *Kraus v. Board of Cnty. Rd. Comm'rs for Kent Cnty.*, 364 F.2d 919, 922 (6th Cir. 1966). Certification is

appropriate where (1) the order involves a controlling question of law; (2) a substantial ground for difference of opinion exists regarding the correctness of the decision; and (3) an immediate appeal may materially advance the ultimate termination of the litigation. *West Tenn. Chapter of Associated Builders & Contractors, Inc. v. City of Memphis (In re City of Memphis)*, 293 F.3d 345, 350 (6th Cir. 2002) (citing 28 U.S.C. § 1292(b) and *Cardwell v. Chesapeake & Ohio Ry. Co.*, 504 F.2d 444, 446 (6th Cir. 1974)).

In the Court's opinion, the questions of law addressed in the amended temporary restraining order present substantial grounds for differences of opinion among reasonable jurists and lawyers on controlling questions of law. For example, the restrictive covenants at issue raise questions about their temporal duration and geographic reach. At this stage of the proceedings, based on the record as it presently stands, the Court found these covenants enforceable under Ohio law (though Defendants contend Georgia law applies and would not countenance their enforcement). Also, EPIC has issues regarding the status of a number of its current clients—former clients of CBIZ—who supplied broker of record letters to change their broker during the relatively brief period between the events at issue and the issuance of a temporary restraining order. Although the Court will soon conduct a preliminary injunction hearing, the parties' good-faith discussions to try to reach a business resolution of their dispute shows that interlocutory review, even of the amended temporary restraining order, might materially advance those efforts.

For all these reasons, as well as those stated on the record on September 6, 2024, the Court declines to convert the amended temporary restraining order into a preliminary injunction (ECF No. 45) and certifies the amended temporary restraining order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

**SO ORDERED.**

Dated: September 9, 2024

J. Philip Calabrese
United States District Judge
Northern District of Ohio