## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| CBIZ, INC., *et al.*, | ) | Case No. 1:24-cv-1027 |
| | ) | Case No. 1:24-cv-1350 |
| Plaintiffs, | ) | |
| | ) | Judge J. Philip Calabrese |
| v. | ) | |
| | ) | Magistrate Judge |
| GREGORY J. CRYAN, *et al.*, | ) | Jonathan D. Greenberg |
| | ) | |
| Defendants. | ) | |
| | ) | |

## FINAL PRETRIAL AND TRIAL ORDER

On January 30, 2025, the Court conducted a pretrial conference attended by Jeffrey Dunlap and Lawrence Pollack, counsel for Plaintiffs, and Steven Pearson and Robert Zimmerman, counsel for Defendants. Based on the discussions at that conference, and the parties' joint status reported dated January 27, 2025 (ECF No. 100), the Court sets the following schedule and enters this order. Additional pretrial hearings may be scheduled as needed.

### SUMMARY OF DEADLINES

This order sets the following deadlines:

Initial Disclosures: February 10, 2025.

Fact Discovery Cut-Off: April 1, 2025.

Plaintiffs' Opposition to EPIC's Motion to Dismiss: April 1, 2025.

Expert Disclosures: April 1, 2025.

Dispositive Motions: April 7, 2025.

Rebuttal Expert Disclosures: April 12, 2025.

1

Opposition to Dispositive Motions:  April 21, 2025.

Expert Discovery Cut-Off:  April 26, 2025.

Reply on Dispositive Motions:  April 28, 2025.

Statement of Claims and Defenses:  May 1, 2025

Deposition Designations:  April 14, 2025.

Pretrial Motion Deadline:  April 15, 2025.

Objections to Designations:  April 28, 2025.

Response to Pretrial Motions:  April 30, 2025.

Final Pretrial Conference:  May 5, 2025 at 2:00 pm.

Deadline for Trial Documents:  May 9, 2025.

Witness and Document Lists, Trial Briefs, Stipulations:  May 9, 2025 by 4:00 pm.

Status Conference:  May 13, 2025 at 2:00 pm by Zoom.

Exhibits:  May 12, 2025 by 12:00 pm.

Objections to Exhibits: May 16, 2025 by 12:00 pm.

Trial:  May 19, 2025 at 8:30 am.

## APPEARANCES, DEADLINES, AND CONTINUANCES

Lead counsel must be present at all proceedings unless excused by the Court on written motion.  Generally, clients or representatives of parties need not attend the conference, unless the Court orders otherwise.  Clients and representatives are welcome to attend and participate.  Unless otherwise ordered, the Final Pretrial Conference and Logistics Conference will be conducted in person.

Consistent with Rule 6, the Court will not extend any deadline set forth in this order or in the Federal Rules of Civil Procedure absent a showing of good cause made on motion sufficiently in advance of the deadline or a showing of excusable neglect on motion made after the deadline.

The Court will not continue a trial or hearing without a written motion stating the reason for the request. A motion for continuance due to a conflict of trial dates will not be considered unless the conflicting assignment is adequately described in the motion, including the name of the case, its number, and the trial judge. The motion shall be filed and served not less than fifteen (15) days after counsel becomes aware of the conflict, and not less than thirty (30) days before trial in this case.

The Court will *not* entertain a motion to continue a hearing or to change its format on the day of the hearing absent extraordinary circumstances. Even then, the Court may require the party belatedly requesting a continuance to bear any unavoidable costs.

## TRIAL DATE

This case is scheduled for trial on May 19, 2025 at 8:30 am in Courtroom 16-B, Carl B. Stokes United States Courthouse, 801 West Superior Avenue, Cleveland, Ohio. Counsel must appear at 8:15 am on the morning of trial. The Court will not continue the trial date in this case absent a showing of good cause made in compliance with the procedures set forth in this Order. In addition, any motion for a change of the trial date shall be in writing, shall be made at least two (2) days before the final

pretrial conference, and identify all considerations and legal authorities which the movant contends support the motion.

## FINAL PRETRIAL CONFERENCE

The final pretrial conference is scheduled for May 5, 2025 at 2:00 pm in Courtroom 16-B, Carl B. Stokes United States Courthouse, 801 West Superior Avenue, Cleveland, Ohio.  All trial counsel must be present at the final pretrial conference.

Unless otherwise ordered, the following must attend a final pretrial conference in person:  (1) lead trial counsel, (2) parties, and (3) a representative with full and final decisional authority, including settlement authority.  If any such person is unable to attend in-person, counsel must file a motion, showing good cause, as far in advance of the final pretrial conference as possible and in no event less than 48 hours before the conference.  Counsel may not file such a motion without first conferring with all other parties.  Before the final pretrial conference, the parties are expected to exchange at least two rounds of good-faith settlement demands and offers.

Parties means either the named individuals or, in the case of a corporation or entity, the person most familiar with the actual facts of the case.  Party does not mean in-house counsel.

Full and final authority means the actual authority to enter into binding commitments on all factual and legal issues without further consultation.  With

respect to settlement authority, the representative must have full and final authority up to the last demand or amount remaining in controversy.

## STATEMENT OF CLAIMS AND DEFENSES

No later than May 1, 2025, Plaintiff shall file a notice of the claims on which it intends to proceed and present evidence at trial.  By the same date, Defendant shall do the same with respect to the defenses on which it bears the burden of proof or production.

## PRETRIAL MOTIONS

Pretrial motions shall be filed on or before April 15, 2025.  All pretrial motions shall state the basis for the motion, identify the authorities on which the movant relies, and otherwise comply with the Local Rules and the Court's Civil Standing Order.  Responses to pretrial motions shall be filed by April 30, 2025.  The Court does not permit replies.

Any pretrial motion, including a motion *in limine*, must contain a certification that, after the parties conferred in good faith, they have a dispute over the subject of the motion that requires a pretrial ruling from the Court.  Unless otherwise ordered, each may file only one pretrial motion, which shall address all matters on which the party seeks a pretrial ruling from the Court, subject to the certification requirement in this paragraph.

## CIVIL STANDING ORDER

The Court incorporates its Civil Standing Order here and refers the parties to it, particularly with respect to the participation of younger lawyers.  Notwithstanding

the close of discovery, the Court will employ the procedures in its Civil Standing Order for resolution of discovery disputes should any dispute regarding this Order or preparations for trial arise.  The standing order is available on Judge Calabrese's page on the Northern District of Ohio's website.

## DEPOSITION DESIGNATIONS

Any party who intends to present the testimony of a witness by deposition must serve designations no later than April 14, 2025.  Failure to designate deposition testimony by this deadline waives the right to present testimony by deposition.

Objections to testimony designated must be made no later than April 28, 2025. Failure to object by this deadline waives any objection to the designated testimony.

Before any testimony is played for the jury, the party presenting the testimony shall edit the video to remove objections.

At the final pretrial conference, the Court and the parties shall discuss deposition designations, objections, and the logistics for submitting the testimony to the Court for review before the testimony will be played or read to the jury.

## TRIAL DOCUMENTS

Unless set forth below, the following trial documents are to be submitted to the Court electronically not later than 4:00 pm on May 9, 2025:

1.    *Preliminary Statement*

Counsel for the parties shall confer in person and agree on a concise written statement describing the case in an impartial, easily understood manner and submit

it to the Court to be read to the jury panel before voir dire.  This statement will be used to set the context of the trial for the jury.

2.  *Witness Lists*

Counsel shall exchange and provide witness lists to the Court.  The witness lists shall provide a brief description and the purpose of each witness to be offered. Each attorney shall have a continuing obligation to supplement the party's witness list immediately upon learning of any additional witness.

2.A.  *Guidelines for Witness Testimony*

Before any witness, including an expert, testifies at trial, counsel for the party calling the witness must supply the Court with a signed copy of the Court's Guidelines for Witness Testimony (attached) or otherwise certify that counsel has reviewed the Guidelines with the witness.

2.B.  *Notice*

During trial, parties shall provide the Court and other parties at least 24 hours' notice before calling a witness.

2.C.  *Witnesses Appearing by Remote Technology.*

Witness testimony may be offered during trial via video conference or other remote technology.  Docketed notice must be given of intent to call a witness via video conference at least one week prior to the start of trial.  It is counsel's responsibility to find a location for the witness to receive a video conference call from the Court during trial.  Counsel is required to work with the Court's IT Department and courtroom deputy in advance of trial to test the technology and ensure the video conference

7

communication works in the courtroom.  It is also counsel's responsibility to ensure that the witness, the Court, and opposing counsel have all necessary exhibits. Counsel must be prepared to assure the Court that the witness is who the witness claims to be.

  3.  *Stipulations*

Counsel for the parties shall confer in person, by telephone, or using remote technology and agree on stipulations and reduce them to writing.  Stipulations of fact are strongly encouraged to eliminate the need for testimony of witnesses to facts which are not in dispute.

The Court expects that the parties will stipulate to authenticity, absent a genuine dispute on the issue.  Stipulations shall be signed by counsel and submitted to the Court.

  4.  *Trial Briefs*

Counsel for the parties shall submit to the Court, *ex parte* if necessary, trial briefs providing appropriate memoranda, supported by legal authority, regarding evidentiary questions and any other legal issues which may reasonably be anticipated to arise at trial.  A complete trial brief includes:  (a) a statement of the facts;  (b) a complete discussion of the controlling law together with specific citations of statutes and case law; and (c) a discussion of any evidentiary issues likely to arise at trial, with discussion of the applicable rules and case law applicable to the evidentiary issues.

  5.  *Documentary Evidence*

Counsel shall submit a list of joint exhibits and documents for admission into evidence. If a party seeks the admission of a document to which another party objects, the parties shall make a single joint submission identifying such documents or exhibits and briefly stating the basis for the objection.

6.  *Voir Dire, Jury Instructions, Jury Interrogatories, and Verdict Forms*

Counsel for the parties shall jointly submit written voir dire questions, jury instructions, jury interrogatories, and verdict forms for the Court's consideration. Counsel should confer in person and, to the extent possible, agree on a complete set of these materials. Counsel may separately submit disputed proposed questions for voir dire, jury instructions, jury interrogatories, and verdict forms to the Court and opposing counsel, supported by legal authority. The Court will reject any proposed questions, instructions, interrogatories, and verdict forms that are not supported with citation to sound legal authority.

Ultimately, a single joint submission of jury instructions, jury interrogatories and verdict forms shall be filed, providing: (a) agreed upon instructions; (b) instructions proposed by Plaintiff, but opposed by Defendant; and (c) instructions proposed by Defendant, but opposed by Plaintiff. All proposed instructions shall be supported by citations to legal authority. At or before the charging conference, the Court will provide counsel with the proposed jury instructions.

Supplemental requests for instructions during the course of the trial or at the conclusion of the evidence will be granted solely as to those matters that cannot be

9

reasonably anticipated when presenting the initial set of instructions.  Copies also should be served upon opposing counsel.

## FINAL STATUS CONFERENCE

On May 13, 2025 at 2:00 pm, the Court will conduct a status conference with counsel by Zoom to discuss the logistics for trial and to resolve any remaining objections or other issues regarding the presentation of evidence.  Any objection to the testimony of a witness must be made no later than 24 hours before this conference by filing an objection and the grounds for it.

## OTHER TRIAL MATTERS

*Objections to Exhibits.*

Any objections to a proposed exhibit shall be filed and served no later than 12:00 pm on May 16, 2025.  Such objections shall include a brief statement why the proposed exhibit should not be permitted or admitted, as well as specific citations to pertinent case law or other legal authority.

*Objections*

The Court expects counsel to confer and make good-faith efforts to resolve any objections to exhibits, witnesses, documents, or any other matter before presenting the issue to the Court for resolution.  Failure to do so may result in the Court overruling the objection.

In cases involving multiple parties on the same side of the "v," the Court will treat an objection by one party as an objection by all.

10

*Side Bars*

The Court will not hold conferences at side bar or in chambers during trial to consider legal issues including evidentiary rulings that could have been raised before trial without a showing that counsel could not, by the exercise of due diligence, have anticipated them in advance of trial.

## TRIAL EXHIBITS

All exhibits must be marked before trial in accordance with Local Rule 39.1, except that all parties shall label their exhibits with numbers. The Court does not require binders containing hard copies of exhibits, absent a specific request. The Court will not allow exhibits to be shown to the jury during trial except as set forth in this order. Exhibits not identified and exchanged before trial shall not be introduced at trial, absent a showing of good cause. This rule applies to lay witnesses as well as to expert witnesses.

The Court is using technological means to facilitate the viewing of exhibits by jurors. Each party must submit all exhibits on a single storage device such as a USB drive. A separate USB drive should be provided for Plaintiff's Exhibits, Defendant's Exhibits, and any Joint Exhibits. Each party must send the exhibits to chambers in a manner that guarantees receipt of the exhibits no later than noon on Friday before trial commences.

The electronic copies of exhibits must be named using a naming convention similar to: <exhibit number>-<exhibit part>_<exhibit description>.<file extension>. The exhibit number must be a number. Exhibits with subparts can be so designated

11

using a letter for the exhibit part.  The use of the underscore character is required when an optional description of the exhibit is included and cannot be used elsewhere in the exhibit name.

Examples of valid exhibit file names include:

1-a_photograph.jpg

12_2009 Tax Statement.pdf

35d.pdf

12(a)_camera footage.wmv

Any questions regarding the naming conventions for the electronically stored exhibits should be directed to David Zendlo at (216) 357-7053.

To maintain consistency between the electronic and the paper exhibits, both parties shall label their exhibits with numbers.  Counsel shall mark all exhibits before trial with official or similar stickers.  Exhibits shall be labeled with the party followed by the exhibit number (e.g., "Pl 1" or "Def 2").  The case number shall also appear on the stickers.  Whenever a multi-page exhibit is used, each page of the exhibit must be separately numbered.  For example, if Plaintiff's Exhibit 1 is a three-page document, the first page should be marked as Pl 1-1, the second page marked Pl 1-2, etc.  If there are multiple defendants, the party's last name should precede the numbers or letters (*e.g.*, "Def. Jones-1001" or "Company A-1001").  Exhibit stickers are available from the Clerk on request.

## DEMONSTRATIVE EVIDENCE AND EXHIBITS

If demonstrative evidence and exhibits such as models, sketches, or PowerPoint slides are to be used at trial, counsel shall exchange them no later than 12:00 pm on May 12, 2025.  A party must provide at least 24 hours' notice of any modification to such materials.

Counsel shall also exchange any PowerPoint slides or the like intended for use in opening statements no later than 48 hours before the Logistics Conference.  If counsel are unable to resolve any dispute about the use of PowerPoint slides or demonstrative exhibits, they must advise the Court at the Logistics Conference. Failure to do so will result in the Court allowing the parties to use any properly exchanged demonstratives in opening statement without objection.  Similarly, with respect to closing arguments, counsel must exchange any PowerPoint slides or the like as soon as practicable and before beginning closing arguments.  Failure to advise the Court of any dispute about the use of PowerPoint slides or demonstrative exhibits before a closing argument begins will result in the Court allowing their use without objection.

If any party intends to use paper documents in the courtroom, instead of electronic versions, they should have paper copies for each of:  the Judge, the court reporter, the Courtroom Deputy, and the law clerk.  When providing a copy to the Judge, counsel shall provide the document to the Courtroom Deputy.

13

## SETTLEMENT BEFORE TRIAL

If the parties reach a settlement before trial, they must promptly advise the Court.  If a jury has been summoned at the time of settlement, the Court will assess the costs for summoning jurors for one (1) day of service equally among the parties unless the parties agree to a different arrangement or there is good cause to waive or modify this provision.

## VOIR DIRE

The entirety of the panel, including those seated in the gallery, will be conducted at one time.  The Court will conduct a preliminary voir dire addressed to general matters and the specific issues in the case.  Counsel may briefly question the panel to supplement the Court's examination.  However, counsel may not repeat the Court's questions.

If counsel prefer the Court ask specific questions for any reason, they may supply them to the Court no later than the logistics conference discussed above.

*Challenges.*

Challenges for cause and peremptory challenges will be heard outside the jury's presence.  First, the Court will consider challenges for cause.  Then, the Court will consider peremptory challenges.  The entire panel (i.e., jurors seated in the jury box and in the gallery in the back of the courtroom) shall be challenged for cause and peremptorily challenged in a continuous sequence without reseating prospective jurors.  It is counsel's responsibility to determine the current makeup of the jury by reference to the seating plan.

14

Each party will exercise a peremptory challenge in alternative sequence beginning with Plaintiff.  If either party passes or declines to exercise a peremptory challenge, that challenge is considered used.  Following selection of the twelve members of the jury, the parties will then proceed to exercise any peremptory challenges on the alternates in the same manner.

## TRIAL CONDUCT AND PROCEDURE

Trial will begin promptly each day by 8:30 am and adjourn around 5:00 pm, with one break in the morning, a lunch break, and one break in the afternoon.  At the final pretrial conference, the Court will discuss any variance to this schedule based on the anticipated length of the trial.

Unless otherwise ordered, counsel should arrive 30 minutes prior to the start of a day in trial.  When counsel and the jurors are assembled, trial may start early.

Additionally, at the end of each trial day, the Court expects counsel to confer about the witnesses and exhibits expected to be used in trial the next day.  No later than 10:00 pm, counsel must email chambers advising of any objections or other issues that require the Court's attention before resuming proceedings with the jury.

When appearing in this Court, all counsel (including, where the context applies, all persons at counsel table) shall abide by the following:

1.     Stand as court is opened, recessed, or adjourned.

2.     Stand when the jury enters or retires from the courtroom.

3.     Remain seated at counsel table when addressing the Court and speak directly into the microphones.

15

4.     Use the lectern facing the jury for voir dire, opening statement, and closing argument.

5.     When making an objection, state the legal basis for the objection only in a word or two.  For example, a proper objection is "Objection, 403" or "Objection, leading."  If the Court requests a response, be brief without making a speech. Objections may not be used to make speeches, repeat testimony, or attempt to guide a witness or to influence the jury.  If it is critical to the case that counsel be heard in more detail immediately, counsel may request a sidebar to explain the basis for an objection.  Otherwise, counsel may make a record regarding the objection at the next break.

6.     Request permission before approaching a witness.  When permission is granted for the purpose of working with an exhibit, counsel should return to the lectern when finished with the exhibit.  Counsel should use the lectern to examine a witness but may move within the well of the courtroom within reason.

7.     Counsel may not interrupt a witness.  Counsel will wait until the witness has finished answering before asking the next question.

8.     Address all remarks to the Court, not to opposing counsel.

9.     Avoid disparaging personal remarks or acrimony toward opposing counsel and remain wholly detached from any ill feeling between the litigants or witnesses.

10.     Refer to all persons, including witnesses, other counsel, the parties and the Court's clerks by their surnames and not by their first or given names.  Counsel should not exhibit familiarity with witnesses, jurors, or opposing counsel.

11.     Only one attorney for each party may examine or cross-examine each witness or argue an issue or point.  The attorney stating objections, if any, during direct examination, shall be the attorney recognized for cross-examination.  At the final pretrial conference, the parties may agree to alter this rule based on the provisions below regarding Less-Experienced Lawyers.

12.     Any witness testifying at the time of recess or adjournment must be back on the witness stand when the Court reconvenes.  If a new witness is to be called, he or she must be standing in front of the witness box ready to be sworn.

13.     In examining a witness, counsel shall not unnecessarily repeat or echo the answer given by the witness.

14.     During examination of a witness, counsel must first ask the Court for permission to confer with co-counsel.

15.     Gestures, facial expressions, audible comments, or the like, as manifestations of approval or disapproval during the testimony of witnesses, or at any other time, are absolutely prohibited.

16.     Do not ask the court reporter to mark testimony.  All requests for re-reading of questions or answers shall be addressed to the Court.

17.    If the Court takes a break while a witness is on the stand, counsel may not have any substantive conversations with the witness about his or her testimony, the case, any evidence, or any other matter relating to the case being tried.

## JURY DELIBERATIONS

Counsel are required to remain within ten (10) minutes of the courtroom during jury deliberations.  Before leaving the immediate vicinity, counsel are required to report to the courtroom deputy.

## ELECTRONIC COURTROOM

All parties wishing to familiarize themselves with the presentation equipment and other technology available for use in the courtroom before trial should contact the courtroom deputy at (216) 357-7265 no later than one week before trial to schedule a time to visit the courtroom.  If technological assistance with any of the equipment will be required, parties should also contact the Court's technology advisors to ensure that someone will be available during the scheduled time to assist with the set-up and use of any equipment or any other technological issues that may arise.

## CONDUCT OF COUNSEL

In addition to the provisions of this order, pursuant to the Statement on Professionalism issued by the Supreme Court of Ohio on February 3, 1997, counsel are directed to be courteous and civil in all oral and written communications with each other and the Court.  Pleadings or any other communications which do not conform to this standard will be rejected.

18

## LESS-EXPERIENCED LAWYERS

The Court strongly encourages parties to allow less experienced lawyers the opportunity to participate actively in cases by presenting arguments at motion hearings or examining witnesses at trial or other evidentiary hearings.  Therefore, the Court may alter its practices in this order to afford opportunities to less-experienced lawyers.  For example, the Court may allow a bifurcated oral argument in which a senior attorney presents one portion of the argument and a less-experienced lawyer who has worked on the case presents the other portion.  Similarly, at trial, the Court may relax the usual one-lawyer-per-witness rule to allow less experienced lawyers an opportunity to examine witnesses.  Counsel seeking permission to bifurcate arguments or witness examinations should raise the issue at the final pretrial conference or by contacting the courtroom deputy.

**SO ORDERED.**

Dated:  January 30, 2025

_____

J. Philip Calabrese
United States District Judge
Northern District of Ohio

**GUIDELINES FOR WITNESS TESTIMONY**

Judge Calabrese requires every witness who testifies to follow these rules:

1.      Because the court reporter is writing down every word that anyone says, it is important to keep your voice up and answer every question orally—not with nods of the head or "uh-huh" or "yeah" or "mm-hmm."

2.      Wait until counsel finishes asking you a question before answering. Do not speak over counsel or the Judge.

3.      Answer the question asked and only the question asked.  Do not make a speech.  Your lawyer will have the chance to ask you questions.

4.      Speak directly into the microphone.

5.      Answer questions with courtesy.

6.      Evasive answers, answering a question with a question, or disrespect to counsel will not be tolerated.

7.      If a lawyer objects, do NOT speak until the Court tells you whether to answer the question or not.

I acknowledge that I have read these Guidelines and will abide by them.

Dated:

_____
Name of Witness (Printed)


_____
Signature