# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| CBIZ, INC., *et al.* | ) |
|                   **Plaintiffs** | ) CASE NO: 1:24-cv-01027-JPC |
| v. | ) JUDGE: J. PHILIP CALABRESE |
| GREGORY CRYAN, *et al.* | ) |
|                   **Defendants.** | ) |

## NON-PARTY SCOTT WOLF'S MOTION TO QUASH DEPOSITION SUBPOENA

Pursuant to Civ. R. 26 and 45, Non-Party Scott Wolf, by and through the undersigned counsel, hereby moves to quash the deposition subpoena issued to him by Defendants Gregory Cryan, J. Keith Bowman, William Haynes, Matthew McCoun, Phillip Leek, and Steven Fischer ("***Defendants***").

Mr. Wolf is a signatory to a Confidential Settlement Agreement and Mutual Release ("***Confidential Settlement***"), which resolved a three-year litigation with his former employer, Plaintiff CBIZ Insurance Services, Inc., and effectively prohibits him from testifying about anything remotely relevant to this case. Even if Mr. Wolf could testify, he is a non-party who never worked directly with any of the Defendants, and his testimony would not be probative of any issue in this case. The Court therefore should quash the subpoena and order that Mr. Wolf not be required to be deposed in this matter, to avoid the disclosure of confidential information he is contractually obliged to protect, and to avoid further unnecessary and burdensome discovery.

1

I.  **BACKGROUND**

Mr. Wolf is an experienced insurance executive. For many years, he was the President and part owner of NAIS, Inc, the largest insurer of bed and breakfast and country inns in the United States.

In 2008, Plaintiff CBIZ Insurance Services, Inc. acquired the assets of NAIS, Inc., and Mr. Wolf began working for CBIZ Insurance Services, Inc., managing several of its insurance programs, including those involving hospitality, wineries, and paddle sports.

In 2016, CBIZ Insurance Services, Inc. terminated Mr. Wolf's employment, and he filed a lawsuit against his former employer captioned *Scott Wolf v. CBIZ Insurance Services, Inc.*, Case No. DV-2016-352B, in the Montana Eighteenth Judicial District Court, Gallatin County (the "***Wolf-CBIZ Litigation***"). Mr. Wolf alleged claims for wrongful discharge, common law bad faith, fraudulent misrepresentation, and infliction of emotional distress, and sought punitive damages. CBIZ Insurance Services, Inc. filed a Counterclaim alleging intentional interference with prospective economic advantage, tortious interference with contracts, breaches of several Montana statutes, including the Uniform Trade Secrets Act, and civil conspiracy.

On November 28, 2019, Mr. Wolf and CBIZ Insurance Services, Inc. entered into a Confidential Settlement resolving the Wolf-CBIZ Litigation. In that document, the parties agreed "to keep the terms (but not the existence) of this Agreement confidential" and not to "disclose them to any third party, except for their attorneys, accountants or tax advisors, without the prior written approval of the other Party or unless compelled to do so pursuant to a valid subpoena or court order issued by a court or administrative agency with competent jurisdiction." *See* Redacted

Confidential Settlement (Ex. A), ¶16.[1] The Confidential Settlement also maintained in effect certain provisions regarding confidential information in Mr. Wolf's Employment Agreement and the Asset Purchase Agreement for the acquisition of NAIS, Inc.[2] All the filings in the Wolf-CBIZ Litigation were subject to a protective order that remains in effect, even after termination of the case, and the pleadings, which were filed under seal, remain publicly inaccessible. *See* Wolf-CBIZ Litig. Prot. Order, ¶17 (Ex. B).

On November 1, 2025, the Defendants in this action issued a subpoena seeking documents from Mr. Wolf related to the Wolf-CBIZ Litigation and his employment with CBIZ Insurance, Inc. *See* Document Subpoena (Ex. C). The subpoena requested copies of all filings in the Wolf-CBIZ Litigation, deposition transcripts, documents that Mr. Wolf "intended" to rely upon to support his allegations in that case, and documents "related to the events and circumstances of, and events and circumstances leading to, [his] departure from CBIZ." *Id.*

Mr. Wolf's Montana counsel objected, pointing out that much of the information sought was filed under seal, protected by the Confidential Settlement, the attorney client privilege and attorney work product doctrine, or discoverable elsewhere, including directly from CBIZ. *See* L. Deola Email to S. Pearson (Nov. 7, 2025) (Ex. D). His counsel also noted that he was not a party to this litigation, was not involved in any of the issues related to the Defendants, and that it would

---

[1] In order to comply with his confidentiality obligation, Mr. Wolf is attaching to this Motion only redacted excerpts of the Confidential Settlement.

[2] *See* Redacted Confidential Settlement ¶4 (agreeing that "the remainder of the APA shall remain in full force and effect as originally written"); ¶5 (modifying provisions in the APA and Employment Agreement pertaining to "Confidential Information" and clarifying the definition of such information and Mr. Wolf's rights and obligations concerning it); *id.* ¶6 (acknowledging that Employment Agreement §8 would requires him to "perform all actions reasonably requested by the Company (whether during or after the employment period) to establish and confirm … ownership of Work Product ….").

3

be unduly burdensome to involve him in this litigation, especially when the information requested could be obtained directly from the Plaintiff CBIZ. *Id.* Counsel for Plaintiff CBIZ likewise observed that the documents requested were "irrelevant," asked that the subpoena be withdrawn, and stated that any documents produced "should be deemed as confidential." *See* Email Chain S. Pearson to L. Deola (Jan. 8, 2025) (Ex. E). CBIZ, however, elected to waive its objections to the subpoena, and Mr. Wolf produced 1614 pages, primarily pleadings and depositions from the Wolf-CBIZ litigation, with assurances that the parties would maintain the documents as confidential and not use them outside this lawsuit.

On March 17, 2025, counsel for the Defendants issued to Mr. Wolf a second subpoena, this one a Subpoena to Testify At A Deposition on March 26, 2025. *See* Deposition Subpoena (Ex. F). Mr. Wolf's Montana counsel again reminded Defendants' counsel of the existence of the Confidential Settlement, which effectively prohibits him from testifying about anything substantive or possibly relevant in the instant case. When Defendants' counsel refused to withdraw the subpoena, Mr. Wolf's Montana counsel sought CBIZ's permission to waive the confidentiality provisions and allow for a deposition. CBIZ's counsel refused to do so. *See* J. Dunlap Email to L. Deola (March 22, 2025) (Ex. G) ("CBIZ does not agree to waive the terms of the Wolf-CBIZ settlement agreement."). The Defendants continue to seek Mr. Wolf's deposition and are trying to schedule it before mid-April 2025.

## II. LAW AND ARGUMENT

The Court must quash the deposition subpoena issued to Mr. Wolf. Providing deposition testimony in this case would necessarily require him to disclose contractually "protected information" about his Confidential Settlement with Plaintiff CBIZ Insurance Services, Inc. and other confidential information pertaining to his tenure with CBIZ. Even if Mr. Wolf could testify,

4

it would be unduly burdensome to require him to do so, as a non-party with no information of relevance to this case.

The Federal Rules of Civil Procedure state that "[o]n timely motion, the court for the district where compliance is required ***must*** quash or modify a subpoena that … requires disclosure of privileged or other protected matter, if no exception or waiver applies …." Fed. R. Civ. P. 45 (d)(3)(A)(iii) (emphasis added). In addition, because "the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26," *Hendricks v. Total Quality Logistics,* 275 F.R.D. 251, 253 (S.D. Ohio 2011) (citation omitted), district courts deciding whether to quash a subpoena can take into account "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Mr. Wolf's deposition testimony in this case would necessarily require the disclosure of information he is contractually obliged to protect. He was previously employed by Plaintiff CBIZ Insurance Services, Inc. and involved in a three-year lawsuit with CBIZ after his termination of employment, which was resolved through a Confidential Settlement that prohibits him from disclosing information about that case. He already complied with a subpoena seeking documents related to the Wolf-CBIZ Litigation, after CBIZ agreed to waive its objections, even though those documents are not relevant here. Yet even after receiving the pleadings and deposition transcripts from the Wolf-CBIZ Litigation, the Defendants continue to seek information from Mr. Wolf concerning that case and his departure from CBIZ—the very information he is barred from divulging. The Confidential Settlement not only prohibits him from revealing the terms of resolution of the Wolf-CBIZ Litigation but also effectively prohibits him from testifying about

anything of possible relevance in this case. The Court must quash the subpoena because Mr. Wolf's testimony would reveal "protected matter." Fed. R. Civ. P. 45 (d)(3)(A)(iii).

In addition, the subpoena should be quashed because Mr. Wolf, as a non-party, simply does not have any relevant information, and it would be unduly burdensome to require his deposition here. He has not worked for CBIZ in nearly a decade. He did not work with any of the Defendants and does not even know any of them, except for Greg Cryan, who served as president of a CBIZ division based in Atlanta while Mr. Wolf was president of an entirely separate division based in Bozeman, Montana. The documents Mr. Wolf already produced in this case make clear that his testimony would not be relevant. Indeed, the Defendants have failed to identify any testimony from his prior deposition or any information from the documents he produced that is relevant to this action and would justify a deposition. They have not explained the importance of any information he possesses in relation to the issues at stake here, or how the burden of requiring him to sit for a deposition, as a non party, can be justified somehow by any benefit to the litigants. *See* Fed. R. Civ. P. 26(b)(1).

Finally, Mr. Wolf's testimony could well make him susceptible to an assertion by CBIZ that he is breaching the confidentiality terms of the parties' contracts. CBIZ specifically declined to waive the restrictions of the confidentiality provision in the Confidential Settlement to allow for Mr. Wolf's deposition, in contrast to CBIZ's prior willingness to allow him to produce documents. Portions of his old Employment Agreement and the Asset Purchase Agreement for the NAIS transaction remain in effect and require him to preserve CBIZ's confidential information, further complicating the prospect of testifying about anything related to his tenure with the company. Questions by counsel for the Defendants likely would seek to uncover confidential information that Mr. Wolf may have acquired due to his work for CBIZ.

In sum, the Court must quash the deposition subpoena issued to Mr. Wolf in order to prevent the disclosure of information protected pursuant to the Confidential Settlement between him and his former employer, and to avoid the imposition of an undue burden on a non-party with no relevant information.

## III. CONCLUSION

For all the reasons set forth herein, Mr. Wolf requests that the Court quash the subpoena issued to him and order that he not be required to testify at a deposition.

Respectfully submitted,

*/s/ Sean P. Malone*
Sean P. Malone (#0076353)
Andrew R. Malone (#0079465)
Malone Law, LLC
50 Public Square, Suite 2210
Cleveland, Ohio 44113
216-861-5511 (Phone); 216-861-0211 (Fax)
smalone@malonelawllc.com
amalone@malonelawllc.com
*Attorneys for Non-Party Scott Wolf*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was sent via the Court's CM/ECF electronic filing system, this 1st day of April 2025, to all parties entitled to receive service via the Court's CM/ECF system.

*/s/ Sean P. Malone*
Sean P. Malone (#0076353)
*Attorney for Non-Party Scott Wolf*