AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Northern District of Ohio

|  |  |
|---|---|
| CBIZ, Inc., et al. | ) |
| *Plaintiff* | ) |
| v. | ) |
| Gregory C. Cryan, et al. | ) |
| *Defendant* | ) |

Civil Action No.  1:24-cv-01027-JPC

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  SCOTT WOLF c/o Ms. Linda M. Deola, Esq.
Morrison Sherwood Wilson Deola, PLLP, 401 N. Last Chance Gulch, P.O. Box 557, Helena, MT 59624

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

SEE ATTACHED RIDER

| Place: Paul G. Hatfield Federal Courthouse 901 Front Street Helena, MT 59626 | Date and Time: 11/22/2024 12:00 pm |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  11/01/2024

CLERK OF COURT

OR

_____          /s/ Steven D. Pearson
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendants/Counter-Plaintiffs/Third-Party Plaintiffs, Greg C.Cryan, et al.  , who issues or requests this subpoena, are:

Smith Gambrell & Russell LLP, 311 S. Wacker Dr. Ste 3000, Chicago, IL 60606, sdpearson@sgrlaw.com, 312-608-2232

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:24-cv-01027-JPC

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

 **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| CBIZ, INC.; CBIZ BENEFITS & INSURANCE SERVICES, INC.; and CBIZ INSURANCE SERVICES, INC., | ) ) ) | Case No.: 1:24-cv-01027 |
| Plaintiffs, | ) ) | HON. JUDGE J. PHILIP CALABRESE |
| v. | ) ) | HON. MAGISTRATE JUDGE |
| GREGORY J. CRYAN; JERRY KEITH BOWMAN, JR.; WILLIAM M. HAYNES; MATTHEW C. McCOUN; PHILLIP R. LEEK, STEVEN FISCHER, and EDGEWOOD PARTNERS INSURANCE CENTER d/b/a EPIC INSURANCE BROKERS & CONSULTANTS, | ) ) ) ) ) ) ) ) | JONATHAN D. GREENBERG |
| Defendants. | ) ) ) | |
| GREGORY J. CRYAN; JERRY KEITH BOWMAN, JR.; WILLIAM M. HAYNES; MATTHEW C. McCOUN; PHILLIP R. LEEK, and STEVEN FISCHER, | ) ) ) ) ) | |
| Counter-Plaintiffs, | ) ) | |
| v. | ) ) | |
| CBIZ, INC. and CBIZ INSURANCE SERVICES, INC., | ) ) ) | |
| Counter-Defendants. | ) ) | |
| GREGORY J. CRYAN; JERRY KEITH BOWMAN, JR.; and WILLIAM M. HAYNES, | ) ) ) | |
| Third-Party Plaintiffs, | ) ) | |
| v. | ) ) | |
| MIKE GILL, individually, | ) ) | |
| Third-Party Defendant. | ) ) | |

**SUBPOENA RIDER**

1

## DEFINITIONS

1.      "**You**" or "**Your**" or "**Wolf**" means and refers to Scott Wolf, both individually and in his capacity as a past or present representative of CBIZ, as defined; Proper Insurance Services, Inc.; or Proper Insurance Services, LLC, as well as any current or former employee, representative, agent, or other persons acting, or who have acted, on behalf of Scott Wolf either individually or in his capacity as a past or present representative of CBIZ, as defined; Proper Insurance Services, Inc.; or Proper Insurance Services, LLC.

2.      "**Complaint**" means and refers to the *Verified Complaint*, ECF No. 1, as well as the *Individual Defendants' Answer and Affirmative Defenses*, ECF No. 55, as well as any further, supplemental, or superseding complaints, answers, affirmative defenses, or other pleadings related to the same, filed in the above-captioned matter, Northern District of Ohio Case No. 1:24-cv-010277, that is the subject matter of the above-captioned litigation.

3.      "**Counterclaims**" or "**Third-Party Complaint**" means and refers to the *Counterclaims and Third-Party Complaint*, ECF No. 56, as well as any further, supplemental, or superseding complaints, answers, affirmative defenses, or other pleadings related to the same, filed in the above-captioned matter, Northern District of Ohio Case No. 1:24-cv-010277, that is the subject matter of the above-captioned litigation.

4.      "**Action**" means and refers to the matters related to the Complaint, Counterclaims, and Third-Party Complaint, as defined, and the litigation thereof.

5.      "**CBIZ**" means and refers to Plaintiffs/Counter-Defendants CBIZ, Inc., CBIZ Benefits & Insurance Services, Inc., and CBIZ Insurance Services, Inc., both individually and collectively, and any parent, subsidiary, division, group, department or asset thereof, however structured or owned, and any current or former constituent, director, executive, manager, officer, member, employee, representative, or agent or other persons acting, or who have acted, on behalf of the foregoing.

6.      "**Individual Defendants**" means and refers to Gregory J. Cryan, Jerry Keith Bowman, Jr., William M. Haynes, Matthew C. McCoun, Philip R. Leek, and Steven Fischer, both individually and collectively, and any current or former employee, representative, agent, or other persons acting, or who have acted, on behalf of Gregory J. Cryan, Jerry Keith Bowman, Jr., William M. Haynes, Matthew C. McCoun, Philip R. Leek, and Steven Fischer, either individually or collectively.

7.      "**Gill**" means and refers to Michael Joseph Gill, both individually and in his capacity as a representative of CBIZ, as defined, as well as any current or former employee, representative, agent, or other persons acting, or who have acted, on behalf of Michael Joseph Gill either individually or in his capacity as a representative of CBIZ, as defined.

2

8. **"Electronic Media"** means and refers to computers; laptops; tablets; mobile phones; flash drives, USB devices, external hard drives, networks; servers; email accounts; cloud storage accounts (*e.g.*, iCloud, Google Drive, DropBox); text and short messaging applications (*e.g.*, SMS, MMS, iMessage, Signal, WhatsApp, Telegram, SnapChat, Slack, Discord); social media accounts (*e.g.*, Twitter, Facebook, Linkedin); hard drives; backup drives; flash drives; and CD/DVDs.

9. **"Communication(s)"** or any derivative thereof as used herein means, in its broadest possible, any occurrence in which information is related, by any means, in whatever form, and by whatever method, including without limitation any and all oral, analogue, or electronic interaction between two or more persons or entities, including but not limited to inquiries, discussions, conferences, negotiations, agreements, meetings, interviews, telephone conversations, letters correspondence, notes, telegrams, facsimiles, electronic mail, memoranda, text messages, instant messages, or other forms of communications, regardless of whether sent, received, copied or otherwise transmitted, directly or indirectly, including any related analogue or electronic memorandums, notes, or other notations. "Communication" or any derivative thereof means and includes the definition of "Document" where appropriate.

10. **"Document(s)"** shall be construed in the broadest possible sense and shall mean the original, all copies, and all translations of any writings, drawings, graphs, sound recordings, images, and other data or data compilations stored in any medium (paper or other tangible format, as well as any electronic format) from which information can be obtained. The term "Document(s)" includes, for example (and not by way of limitation), paper Documents, photographs, microfilm, microfiche, electronic mail, computer tapes, computer printouts, spreadsheets, calendars, appointment books, lists, tabulations, surveys, all other records kept by electronic, photographic or mechanical means, and things similar to the foregoing, however denominated. "Document(s)" shall also mean any tape or audible recording, any photograph or motion picture or videotape, and any nonidentical copy of any Document as previously defined (e.g., any copy of a Document as previously defined which differs from any other copy thereof either by virtue of other material appearing thereon, such as handwriting or typewriting, or otherwise). "Document(s)" shall also include all Electronically Stored Information.

11. **"Person"** shall mean any legal entity, including, without limitation, natural persons, public or private corporations, companies, firms, joint ventures, proprietorships, partnerships, governmental bodies or agencies, associates, organizations, groups, trusts and estates.

## INSTRUCTIONS

a.    In construing the documents requested below:

    a.    the use of the singular shall be construed to include the plural, and use of the plural shall be construed to include the singular;

    b.    the use of a verb in any tense shall be construed as the use of that verb in all other tenses whenever necessary to bring within the scope of the Document Request that which might otherwise be construed outside its scope;

    c.    masculine, feminine, and gender neutral pronouns shall not be construed as limiting the requests to Persons of a particular gender;

    d.    "any" shall be construed to mean each and every, "all" shall be construed as all and each, and "each" shall be construed as all and each;

    e.    "including" shall be construed to mean "including but not limited to;"

    f.    "and" and "or" shall be read either disjunctively or conjunctively so as to bring within the scope of any of the following matters for examination described with reasonable particularity known or reasonably available to CBIZ all information that might otherwise be construed to be outside its scope; and

    g.    "concerning," "regarding," "referring," "refer to," "relate to," "relating to," "related to" or "reviewed" in regard to a particular subject shall mean, without limitation, assessing, analyzing, constituting, containing, comprising, describing, discussing, embodying, reflecting, evidencing, identifying, mentioning, memorializing, stating, or having any logical or factual connection whatsoever with the subject addressed.

b.    **Assertion of Privilege**: If You contend one or more items sought are protected by privilege, You shall set forth completely the grounds for the asserted privilege. For each Document or Communication that You believe to be privileged, provide a log identifying (1) the date, (2) author(s), (3) recipient(s), (4) number of pages, (5) subject matter, and (6) the legal basis upon which You claim privilege, including copies of the legal provisions or other written materials upon which such assertion is made.

c.   <u>Transferred or Destroyed</u>: If Documents or Communications once in Your possession or control are being sought and such Documents or Communications are no longer in Your possession or control, state and identity (1) when such Documents or Communications were most recently in Your possession or control and (2) what disposition was made of them, including identification of the person(s) now in possession of or exercising control over such Documents or Communications. If the Documents or Communications subject to this subpoena were Destroyed, state and identify (1) when and where they were Destroyed, (2) the person(s) who directed the Destruction, (3) all present and former Document and Communication storage or retention policies or procedures, (4) all present and former Document and Communication Destruction policies or procedures, (5) all Documents or Communications evidencing the date the Documents or Communications were Destroyed, (6) all Documents or Communications requesting, directing, or permitting the Destruction, (7) any other Document or Communication otherwise referencing the Destruction of the Documents or Communications  in any way, and (8) all Documents and Communications evidencing any and all litigation holds related to this matter.

d.   An affidavit attesting to full and complete production of all documents is requested.

5

## DOCUMENTS REQUESTED

1.      A copy of any initiating document or communication filed in or with any court, administrative agency, or licensing board, or any other adjudicative or regulatory body, related to You and either CBIZ or Gill or both within your possession or control.

2.      A copy of all pleadings, motions, exhibits, orders, and any other documents filed in the matter styled *Scott Wolf v. CBIZ Insurance Services, Inc.*, No. DV-16-352B, Montana Eighteenth Judicial District Court in and for Gallatin County ("Wolf Litigation").

3.      A copy of all pleadings, motions, exhibits, orders, and any other documents filed in any other matter directly or indirectly related to the Wolf Litigation.

4.      A copy of all documents and communications reflecting testimony given under oath in the Wolf Litigation, including affidavits, declarations, depositions transcripts, videotaped depositions, and transcripts of proceedings.

5.      A copy of all documents and communications in your possession, custody, or control reflecting testimony given under oath by any of the following individuals, whether in relation to the Wolf Litigation or otherwise, including affidavits, declarations, deposition transcripts, or transcripts of proceedings:

        a.  Gill, as defined;
        b.  Jerome P. Grisko
        c.  John Fleischer
        d.  Ware Grove
        e.  Michael P. Kouzelos
        f.  Bill Chorba
        g.  Anthony Consoli
        h.  Doug Martz
        i.  Sharon D. Mack
        j.  Suzanne Evans
        k.  Elizabeth Newman
        l.  Tosha Trail
        m.  Tara Campbell
        n.  Nancy Mellard
        o.  Doug Musick

6.     A copy of all documents and communications produced during the course of discovery in the Wolf Litigation upon which you relied or intended to rely to support your allegations that Mike Gill orchestrated your termination from CBIZ under false pretenses.

7.     A copy of all documents and communications produced during the course of discovery in the Wolf Litigation upon which you relied or intended to rely to support your allegations that CBIZ's General Counsel, Nancy Mellard, purposely crafted a marketing agreement with HomeAway to deceive insurance regulators as part of CBIZ's Vacation Rental Program.

8.     A copy of all documents and communications related to the events and circumstances of, and events and circumstances leading to, your departure from CBIZ.