# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| CBIZ, INC.; CBIZ BENEFITS & INSURANCE SERVICES, INC.; and CBIZ INSURANCE SERVICES, INC., | ) ) ) | Case No.: 1:24-cv-01027 |
| Plaintiffs, | ) ) | HON. JUDGE J. PHILIP CALABRESE |
| v. | ) ) | HON. MAGISTRATE JUDGE |
| GREGORY J. CRYAN; JERRY KEITH BOWMAN, JR.; WILLIAM M. HAYNES; MATTHEW C. McCOUN; PHILLIP R. LEEK, STEVEN FISCHER, and EDGEWOOD PARTNERS INSURANCE CENTER d/b/a EPIC INSURANCE BROKERS & CONSULTANTS, | ) ) ) ) ) ) ) ) | JONATHAN D. GREENBERG |
| Defendants. | ) ) | |
| GREGORY J. CRYAN; JERRY KEITH BOWMAN, JR.; WILLIAM M. HAYNES; MATTHEW C. McCOUN; PHILLIP R. LEEK, and STEVEN FISCHER, | ) ) ) ) ) | |
| Counter-Plaintiffs, | ) ) | |
| v. | ) ) | |
| CBIZ, INC. and CBIZ INSURANCE SERVICES, INC., | ) ) ) | |
| Counter-Defendants. | ) ) ) | |
| GREGORY J. CRYAN; JERRY KEITH BOWMAN, JR.; and WILLIAM M. HAYNES, | ) ) ) ) | |
| Third-Party Plaintiffs, | ) ) | |
| v. | ) ) | |
| MIKE GILL, individually, | ) ) | |
| Third-Party Defendant. | ) ) | |

## DEFENDANTS, COUNTERPLAINTIFFS, AND THIRD -PARTY PLAINTIFFS' MOTION FOR SANCTIONS DUE TO SPOLIATION

1

Pursuant to Federal Rule of Civil Procedure 37 and this Court's inherent authority, Gregory J. Cryan ("Cryan"), Jerry Keith Bowman ("Bowman"), William N. Haynes ("Haynes"), Matthew C. McCoun, Philip R. Leek, and Steven Fischer and Edgewood Partners Insurance Center d/b/a EPIC Insurance Brokers & Consultants (collectively, "Defendants") move the Court for an order issuing sanctions against Plaintiffs for the failure to disclose and produce certain evidence and for failing to preserve the same evidence. Given the severity of Plaintiffs' actions and the prejudice resulting to Defendants, Defendants respectfully request that these sanctions include an instruction to the jury that should presume that the document(s) withheld from Defendants contained information unfavorable to plaintiffs.

## FACTUAL BACKGROUND

On May 30, 2024, counsel for Defendants wrote to Plaintiffs regarding a potential lawsuit arising from the wrongful termination of Defendants Bowman and Haynes and the indefinite suspension without pay of Defendants Cryan. In that same letter, Plaintiffs were informed that all documents pertaining to those Defendants and the potential legal claims should be "maintained, preserved, and guarded against…loss, alteration, or destruction." "Documents" included specifically both hard copy and electronic documents and specifically included spreadsheets. (See Ex. A hereto.)

On February 2, 2025, Plaintiffs responded to Defendants First Set of Discovery Requests. With respect to document requests seeking all documents concerning Plaintiffs' claim that Defendant Bowman had created false invoices that overstated advances (Request Nos. 14-15, 17, see also Request Nos. 19, 21, 23),

2

Plaintiffs asserted that they had produced the responsive, non-privileged documents. (See Ex. B hereto.)

On April 16, 2025, Defendants deposed Suzanne Evans, CBIZ Insurance's controller and a significant witness as to the allegations of wrongdoing by Defendants Bowman and Cryan in creating invoices "outside" the CBIZ accounting system upon which grounds Plaintiffs terminated Bowman and indefinitely suspended Cryan without pay. Ms. Evans informed Defendants that during the relevant time period she kept an off-the-books Microsoft Excel spreadsheet or spreadsheets documenting client advances made by CBIZ Insurance. In particular, she testified that she and another person on her team regularly created off-the-books Excel spreadsheets to track advancements made by CBIZ Insurance on behalf of their clients, and that she had done so with respect to the Penn Florida transaction at issue in this case, which allegedly led to the subsequent investigation and adverse employment actions against Cryan and Bowman. (See Ex. C hereto (4/16/25 Deposition of Suzanne Evans) at 40-43, 50-52.) The existence, or former existence, of this document had never been disclosed or produced to Defendants, and Ms. Evans indicated that she had not been asked about documents kept outside the system, such as this one, or any questions leading her to disclose or provide the document, despite the fact that it directly related to the transaction at issue, and the events allegedly leading up to the investigation. (Ex. C at 50-51.)

Ms. Evans explained that this spreadsheet information was not kept in Sagitta, the accounting system that CBIZ is claiming should have contained all

SGR/71491648.3

relevant accounting-related information, or even in Image Right, CBIZ's document management system, but off the books in this separate Excel spreadsheet, because Sagitta did not contain an entry that would enable the information to be kept there. (Ex. C at 40.) She did not explain why the spreadsheet was not added to Image Right. Among the information the spreadsheet would reveal is the date that Ms. Evans was informed of the advancement, the related details of which she was aware, and the timing of Michael Gill's approval, all matters about which Ms. Evans was unclear in her deposition testimony. (See Ex. C at 37-40, 45-47, 50-52.) In addition, the spreadsheet would have included information regarding another advancement approved by Mr. Gill on behalf of one of Cryan's customers which Ms. Evans and Mr. Gill subsequently denied approving. (See Ex. C at 96-101.)

Immediately after her deposition, counsel for Defendants wrote to counsel for Plaintiffs seeking the spreadsheet. (See Ex. D hereto.) On April 20, Plaintiff's counsel responded, stating that Ms. Evans no longer had the spreadsheet, but not providing any further information about why the spreadsheet had not been identified and produced earlier or why it was no longer available. (*Id.*) Defendants' counsel followed up the next day asking for more information, specifically: "the circumstances of why Ms. Evans 'no longer has' the document…, when she last had possession of it and how your current description of the whereabouts is consistent with CBIZ's discovery and preservation obligations…" (*Id.*) Receiving no response, Defendants' counsel followed up on April 29, 2025, but again no answer was

4

provided. The April 29, 2025 email informed Plaintiffs that Defendants intended to raise the issue with the Court. (*Id.*)

As described by Ms. Evans, the spreadsheet in question is highly relevant to the issues in this case. First, it demonstrates that—contrary to the positions that Plaintiffs are taking—it is not accurate to claim that all accounting-related information was kept by CBIZ Insurance in the Sagitta system, and therefore that it was a termination-worthy offense when Defendants Bowman and Cryan placed that supporting documentation surrounding the Penn Florida advancement and related invoices instead in CBIZ Insurance's searchable Image Right document management file.

Second, the spreadsheet would demonstrate *when* Ms. Evans was informed of the Penn Florida advancements and potentially other related information, and therefore what information was known before the investigation even began. It would also show when Mr. Gill approved it and the amount approved, matters that Ms. Evans appears to have an incomplete or inconsistent memory about. (See Ex. C at 51-53, 57-58.)

Third, the spreadsheet would provide information relevant to the evidence that CBIZ was retaliating against Mr. Cryan. As noted above, a dispute exists as to whether Mr. Gill withdrew permission for an advancement he had previously approved relating to another Cryan client. (See Ex. C at 96-101.) The spreadsheet would confirm whether the advancement had, in fact, been approved, and when. For

SGR/71491648.3

all of these reasons, the apparent destruction of the spreadsheet is prejudicial to Defendants.

## ARGUMENT

A. <u>An Adverse Inference Instruction or Other Sanction Is Warranted for the Destruction of the Electronic Copies of the Spreadsheet under Rule 37(e).</u>

Federal Rule of Civil Procedure 37(e) applies to the destruction of electronic documents. Nothing provided by Plaintiffs indicates that the spreadsheet existed only electronically, but even if it did, Rule 37(e) supports the relief Defendants are seeking.

This is not a case where Plaintiffs have claimed that the spreadsheet was destroyed due to regular business practices, such as a limit on the time period that documents are maintained, or where some unforeseen technical problem occurred. Instead, given the timing, the spreadsheet here must have been destroyed either during the investigation of the very transaction it concerned or else after—and directly contrary to—the implementation of a litigation hold that by its own requirements should have prevented any inadvertent destruction of the electronic spreadsheet. A reasonable inquiry into the documents that existed with respect to the transaction also should have identified the spreadsheet, likely before any destruction occurred, raising the question as to whether Defendants chose not to seek out documents kept "off the books." It certainly appears that her supervisors and Plaintiffs' top management who were involved in the events at issue, such as Mr. Gill, did not ask Ms. Evans about such documents or make sure they were included in the litigation hold.

Federal Rule of Civil Procedure 37(e) applies where a party failed to take reasonable steps to preserve electronic documents, and the documents cannot be restored. As explained in the 2015 Advisory Committee Notes on the current version

7

of Rule 37(e), the initial focus under the rule should be on whether the document can be restored. But Plaintiffs have provided no explanation at all for the claimed loss of the spreadsheet and have not given any information about efforts to search for or restore the document. That failure indicates that they are not taking seriously the importance of preserving and searching for this relevant document, as does the failure to identify and produce it before they asserted that such documents had been produced, in February 2025.

If the spreadsheet in fact cannot be restored, Rule 37(e) allows for sanctions. Rule 37(e)(2) lists several sanctions available where a party has acted with the intent to deprive another party of the information's use in the litigation. Among the sanctions permitted is a jury instruction informing the jury that it should presume that the information destroyed was unfavorable to the party that destroyed it. See Fed. R. Civ. P. 37(e)(2)(B); *Buddenberg v. Weisdack*, 711 F. Supp. 3d 712, 818-823, (N.D. Ohio 2024). "Because intent can rarely be shown directly, a district court may consider circumstantial evidence in determining whether a party acted with the intent required for Rule 37(e)(2) sanctions." *Jones v. Riot Hosp. Group LLP*, 95 F.4th 730, 735 (9th Cir. 2025). These may include the timing of the destruction, selective preservation, and affirmative steps to delete evidence. *Id. See also Capital Senior Living, Inc. v. Barnhiser*, 713 F. Supp. 3d 407, 418-19 (N.D. Ohio 2024) (finding that Rule 37(e)(2)'s intentionality requirement was met where emails were selectively deleted despite knowledge of a litigation hold, even in the absence of bad faith).

SGR/71491648.3

The factors cited in Jones and reflected in Barnhiser are also present here. The spreadsheet existed at the time the investigation began, and therefore it must have been destroyed after Plaintiffs were aware that the type of information contained within would be directly relevant to anticipated litigation. Moreover, nothing has been provided by Plaintiffs to indicate that the spreadsheet was not destroyed after the litigation hold was in place and even after they had allegedly produced all relevant documents. Plaintiffs' Rule 30(b)(6) designee on document retention efforts testified that the hold was in place as of May 30, 2024. (See Ex. F (3/28/25 Deposition of John Fleischer) at 56-57, 61.) He further testified that the litigation hold preserved all documents held within the "Microsoft ecosystem," which would include a Microsoft Excel spreadsheet such as that at issue here. (*Id*. at 56-57.) Therefore, an Excel spreadsheet would have had to be intentionally deleted, and that still does not explain why it cannot be restored. The hold also applied to anything in the potential witnesses' OneDrive storage. (*Id*. at 56-57.) Given that, no accidental destruction of the electronic spreadsheet should have been possible. Finally, to the extent that Plaintiffs chose to focus only on in system and not "off the books" documents when inquiring into and counseling potential witnesses such as Ms. Evans as to what needed to be produced and preserved, that is selective preservation.

Plaintiffs' refusal to provide any information about how the spreadsheet came to be lost or destroyed also supports a finding that the explanation is not innocent. At minimum, these facts are highly suggestive, and Defendants are entitled to more information as to what occurred.

9

Even if Rule 37(e)(1), rather than Rule 37(e)(2), applies here, sanctions, including some type of instruction addressing the destruction is warranted. Rule 37(e)(1) applies when a party fails to take reasonable steps to preserve electronically-stored information that should have been preserved due to the anticipation of litigation and the loss of that information causes prejudice to the opposing party. Fed. R. Civ. P. 37(e)(1); *Buddenberg*, 711 F. Supp. 3d at 818-21. The rule further provides that the Court may order such measures as are necessary to cure the prejudice, and the Advisory Committee Notes explain that the sanction may include providing evidence to the jury about the loss or destruction of the information, as well as a jury instruction to assist the jury in its evaluation.

B. The Loss or Destruction of Any Hard-Copy Versions of the Spreadsheet Also Warrants an Adverse Inference Instruction as a Sanction.

Outside of the specific Rule 37(e) provisions applying to electronic documents, sanctions, including an adverse inference instruction, are appropriate where: (1) the party having control of the evidence had an obligation to preserve it at the time it was destroyed; (2) the records were destroyed with a culpable state of mind; and (3) the destroyed evidence was relevant to the claims or defenses. *Beaven v. United States Department of Justice*, 622 F.3d 540, 553 (6th Cir. 2010) (approving non-rebuttable adverse inference instruction due to destruction of relevant documents). As discussed above, the third factor is met here, because the spreadsheet is highly relevant to Defendants' claims and defenses. The first two factors also are met.

First, Plaintiffs unquestionably had possession and control of the documents relating to the Penn Florida transaction at issue in this case and were aware that

10

they were potentially relevant to future litigation when the investigation into Defendants Bowman and Cryan began in late March 2024. As explained in more detail in Individual Defendants' Response to Plaintiffs' Motion for Summary Judgment, at 9-10, the result of that investigation, and thus the likelihood that it would result in a lawsuit, was pre-ordained from at least April 1, 2024. Ms. Evans's testimony demonstrates that the spreadsheet would have been in existence at that time, because it was meant to track advancements that had not yet been repaid, and according to Ms. Evans the investigation concerned, in part, how to apply the money that had been received from the finance company. (Ex. C. at 56-61, 80-82, 85.) This alone is sufficient to show that Plaintiffs had an obligation to preserve the spreadsheet at the time it was apparently destroyed but failed to do so.

Second, the evidence—and lack thereof—here demonstrates that Plaintiffs had a "culpable state of mind" with respect to the destruction of the spreadsheet and all copies thereof. Plaintiffs have failed to provide any explanation of how the spreadsheet—and all copies thereof—came to be lost and destroyed despite the related investigation and then the litigation hold. This lack of explanation suggests no reasonable and non-culpable one exists.

As explained in *Beaven*, 622 F.3d at 554, the culpability standard does not require that a document be destroyed *in order to* avoid its production. This standard does not require that the document be intentionally destroyed to avoid production or hide evidence, but can even extend to the negligent destruction of evidence. *Beaven*, 622 F.3d at 555, citing *Residential Funding Corp. v. DeGeorge Financial*

SGR/71491648.3

*Corp.*, 306 F.3d 99, 108 (2d Cir. 2002). A review is on a case-by-case basis and depends on both the extent of culpability, from negligence to the intentional destruction of relevant evidence, and the extent of prejudice caused by the destruction. Here, Plaintiffs failed completely to explain when or how the document came to be destroyed, but it necessarily would have occurred after they knew that any such information was related to their claims against Defendants Bowman and Cryan, and likely after they were on notice of the need to impose a litigation hold to protect such documents. This gives rise to an inference of culpability, at least gross negligence.

## CONCLUSION

For the reasons set forth above, Defendants respectfully request this Court to impose a sanction on Plaintiffs for the spoliation of evidence, including an adverse inference instruction as to what the contents of the spreadsheet would reveal. In the alternative, Defendants seek an order requiring Plaintiffs to provide an explanation for why the spreadsheet was not discovered previously and how it came to be destroyed and cannot be restored.

Respectfully submitted,

 /s/      *Steven D. Pearson*
Steven D. Pearson (*admitted pro hac vice*)
Joel B. Bruckman (*admitted pro hac vice*)
Johnathon C. Koechley (*admitted pro hac vice*)
**SMITH, GAMBRELL & RUSSELL, LLP**
311 S. Wacker Dr., Suite 3000
Chicago, IL 60606
T: (312) 360-6000
F: (312)-360-6520
sdpearson@sgrlaw.com
jbruckman@freeborn.com
jkoechley@sgrlaw.com

12

SGR/71491648.3

13

Robert A. Zimmerman (0055478)
Richard E. Hepp (0090448)
Lyndsay M. Flagg (0099248)
**BENESCH,       FRIEDLANDER,       COPLAN       &
ARONOFF LLP**
127 Public Square, Suite 4900
Cleveland, Ohio 44114-2378
T:  (216) 363-4500
F:  (216) 363-4588
rzimmerman@beneschlaw.com
rhepp@beneschlaw.com
lflagg@beneschlaw.com

*Attorneys for Defendants/Counter-Plaintiffs/Third-Party
Plaintiffs Gregory J. Cryan, Jerry Keith Bowman, Jr., and
William M. Haynes, and Defendants Matthew C.
McCoun, Phillip R. Leek, and Steven Fischer*

14

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of May 2025, a true and accurate copy of

the foregoing was served on Plaintiffs via email to the below:

Jeffrey S. Dunlap
Lawrence D. Pollack
Ashtyn N. Saltz
Ryan W. Gillespie
**UB GREENSFELDER, LLP**
Skylight Office Tower
1660 West 2nd Street, Suite 1100
Cleveland, OH 44113
jdunlap@ubglaw.com
lpollack@ubglaw.com
asaltz@ubglaw.com
rgillespie@ubglaw.com

*Attorneys for*
*Plaintiffs/Counter-*
*Defendants CBIZ, Inc. and*
*CBIZ Insurance Services,*
*Inc.; Plaintiff CBIZ Benefits*
*& Insurance Services, Inc.;*
*and Third-Party Defendant*
*Mike Gill*

    *s/    Steven D. Pearson*
*One of the Attorneys for Defendants/*
*Counter-Plaintiffs/Third-Party Plaintiffs*
*Gregory J. Cryan; J. Keith Bowman, Jr.;*
*and William M. Haynes and Defendants/*
*Counter-Plaintiffs Matthew C. McCoun;*
*Phillip R. Leek; and Steven Fischer*

SGR/71491648.3